IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUILLERMO JOSE VAZQUEZ
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 17-1204CCC
(Related Cr. 02-0074CCC)

**OPINION AND ORDER**

Before the Court is petitioner Guillermo José Vázquez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (**d.e. 1**) filed February 10, 2017; the United States' Opposition filed (d.e. 5) filed May 22, 2017; the petitioner's Reply (d.e. 8) filed August 1, 2017.

On July 16, 2002, at age nineteen, petitioner plead guilty to 18 U.S.C. § 2118(3) and 18 U.S.C. § 2, aiding and abetting armed carjacking resulting in death. On January 31, 2003, petitioner was sentenced to 365 months of imprisonment and five years of supervised release.

Petitioner now brings a § 2255 petition alleging that (1) he was sentenced in violation of Miller v. Alabama, 567 U.S. 560 (2012) and (2) that due to his age and lack of education, he was unable to enter a knowing and voluntary guilty plea.

1) Miller v. Alabama Claim

Miller established that sentencing juveniles to mandatory life without parole violates the Eighth Amendment prohibition on cruel and unusual punishment, and enumerated a set of sentencing factors judges must consider before imposing life without parole. The petitioner in this case was sentenced

CIVIL 17-1204CCC             2
(Related Cr. 02-0074CCC)

to 365 months.  While petitioner's sentence is certainly lengthy, he was not sentenced to life without parole, or even a *de facto* equivalent to life without parole.  Further, the imposition of a sentence of 365 months was not mandatory.  Accordingly, Miller is not applicable to petitioner's case.

    2)    Validity of Guilty Plea Claim

A § 2255 motion must be filed within one year of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2255(f).

Petitioner filed the instant § 2255 motion in February 2017, approximately fourteen years after his conviction became final in February 2003.  As to the challenge to his guilty plea, petitioner does not set forth any basis for counting the one-year limitation period from any date other than the date his conviction became final.  Accordingly, petitioner's claim is untimely and must be dismissed.

Even if timely, petitioner procedurally defaulted his plea validity claim by failing to raise it on direct review. He has not presented any evidence of cause, actual prejudice, or actual innocence that would permit him to overcome procedural default. Bousley v. United States, 523 U.S. 614, 622 (1998).

## CONCLUSION

For the aforementioned reasons, petitioner Guillermo José Vázquez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (**d.e. 1**) is DENIED. Judgment shall be entered by separate order.

## CERTIFICATE OF APPEALABILITY

The Court hereby ORDERS that no certificate of appealability shall be issued as petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

SO ORDERED.

In San Juan, Puerto Rico this 7th day of February, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge